UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO: 2:19-cr-180-JLB-MRM

ALPHONDA BAKER
_____

**ORDER**

Alphonda Baker, an inmate housed in a Federal Bureau of Prisons ("BOP") correctional institution, seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 56.) He asserts that his medical conditions place him at extraordinary risk given the ongoing COVID-19 pandemic. (Id.) Yet as the United States correctly notes, Mr. Baker's request is due to be denied because he has not exhausted his administrative remedies before seeking such relief. (Doc. 57.)

"The [C]ourt may not modify a term of imprisonment once it has been imposed except" under certain circumstances. 18 U.S.C. § 3582(c). One such circumstance is "compassionate release" which is generally available "in any case" where:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or **upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility**, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that

> they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

Id. § 3582(c)(1)(A)(i) (emphasis added). Put simply, "the statute [] imposes a requirement on prisoners before they may move [for compassionate release] on their own behalf." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021) (quotation and citation omitted).

Here, Mr. Baker does not allege that he has sought compassionate release from the warden of his BOP facility by pursuing his administrative remedy under the compassionate release statute. (See Doc. 56.) In fact, the United States represents that (as of April 30, 2021) BOP archives show "no record of Baker having submitted a request for compassionate release to his warden. As of the same date, [a BOP employee assigned to monitor Mr. Baker] also confirmed that Baker had not submitted a request for compassionate release." (Doc. 57 at 3.)[1]

Although Mr. Baker raises troubling allegations about the state of his health, Congress has set the exhaustion requirement in section 3582(c)(1)(A) and it is not for the Court to waive. Rather, it is "mandatory in the sense that a court must enforce the rule if a party properly raises it . . . ." Harris, 989 F.3d at 911.

Mr. Baker's motion for compassionate release (Doc. 56) must be denied until he exhausts his administrative remedies. United States v. Rodrigues, No. 20-12623, 2021 WL 613825, at *2 (11th Cir. Feb. 17, 2021) ("Despite the unique circumstances presented by the COVID-19 pandemic . . . defendants are generally

---

[1] Mr. Baker filed his motion for compassionate release on April 19, 2021.

required to comply with the exhaustion requirement in § 3582(c)(1)(A)." (citation omitted)).

Accordingly, Mr. Baker's motion for compassionate release (Doc. 56) is **DENIED**.

**ORDERED** at Fort Myers, Florida, on May 7, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE