UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.    Case No. 2:19-cr-180-TPB-MRM

ALPHONDA BAKER,

   Defendant.
_____/

**ORDER DENYING DEFENDANT'S SECOND**
**MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Alphonda Baker's motion for compassionate release, filed *pro se* on January 19, 2022. (Doc. 69). On February 3, 2022, the Government filed its response. (Doc. 70). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On November 17, 2020, the Court sentenced Defendant to 168 months imprisonment for his role in a conspiracy to distribute controlled substances and possessing a firearm as a convicted felon. (Doc. 53). Defendant is currently incarcerated at Federal Correctional Institution Butner in North Carolina, and he is projected to be released on or about October 17, 2031.

Defendant previously filed a motion for compassionate release, claiming that his medical conditions placed him at extraordinary risk due to the ongoing COVID-19 pandemic. (Doc. 56). The motion was denied because he failed to exhaust his administrative remedies. (Doc. 58).

In his instant motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to health concerns. Defendant is 47

years old and claims that suffers from a variety of chronic health conditions. Specifically, Defendant asserts that he had a heart attack,[1] stroke, lung surgery, and a pace-maker implant. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Initially, the Court finds that it appears that Defendant has failed to exhaust his administrative remedies. Although he generally alleges that he submitted a request on June 7, 2021, he also indicated that he did not submit a request because the Warden retired before he obtained any medical records. The Government indicates that it searched a BOP database and that there is no record of any request for compassionate release, and that a BOP employee reviewed the files stored locally and did not locate any requests.

Even if he had exhausted his administrative remedies, the Court finds that

---

[1] The heart attack occurred before his incarceration.

Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[2] Defendant has not explained how his alleged medical conditions substantially diminish his ability to provide self-care in his correctional facility.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable section 3553(a) factors weigh against granting compassionate release in this case. Considering the 3553 factors, including Defendant's criminal history and characteristics, the Court finds that release would not be appropriate here. Defendant was convicted of serious drug and firearm offenses but has not even served two years of his sentence. Consequently, Defendant's motion for compassionate release is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 22nd day of March, 2022.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.